IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: Diane Bush | ) | Case No. |
| | ) | |
| Plaintiff | ) | COMPLAINT |
| | ) | |
| | ) | **Judge:** |
| | ) | |
| | ) | **Magistrate:** |
| v. | ) | July Demand Requested |
| | ) | |
| Cavalry SPV I, LLC | ) | |
| 500 Sumit Lake Drive, Suite 400 | ) | |
| Valhalla, NY 10595-1340 | ) | |
| | ) | |
| Defendant | ) | |

Now comes Plaintiff, by and through her attorneys, and, for her Complaint alleges as follows:

## INTRODUCTION

1. Plaintiff, Diane Bush, brings this action to secure redress from unlawful collection practices engaged in by Defendant, Cavalry SPV, I, LLC. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits any false, misleading or deceptive threats in connection with the collection of a debt 15 U.S.C. Section 1692e

3. The Seventh Circuit Court of Appeals in *McMahon vs. LVNV Funding, LLC et al.*, 744 F.3d 1010 (7th Cir. 2014), has stated that "if the debt collector uses language in its dunning letter that would mislead an unsophisticated consumer into believing that the debt is legally enforceable the collector has violated the FDCPA." *Id.* at 1020.

4. Recently, the Seventh Circuit Court of Appeals in *Pantoja vs. Portfolio Recovery Assocs., LLC*, 15-CV-01567, (7th Cir., 2017), stated the FDCPA "prohibits a debt collector from luring debtors away from the shelter of the statute of limitations without providing an unambiguous

warning that an unsophisticated consumer would understand."

5. In that same case: the Seventh Circuit Court of Appeals stated that the warning described in paragraph four, must be "clear, accessible, and unambiguous to the unsophisticated consumer." *Id.*

6. Finally, that same case held: "[S]ilence about that significant risk of losing the protection of the statute of limitations renders Portfolio Recovery's dunning letter misleading and deceptive as a matter of law." *Id.*

7. Debt Collectors are vicariously liable for violations of the FDCPA by other Debt Collectors acting on their behalf. *Id.*

## JURISDICTION AND VENUE

8. This court has jurisdiction pursuant to 28 U.S.C. Section 1331, 1337, 1367; and 15 U.S.C. section 1692(d).

9. Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

10. Plaintiff, Diane Bush (hereinafter "Plaintiff") incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the "Debt").

11. Plaintiff is a resident of the State of Illinois.

12. Defendant, Cavalry SPV I, LLC ("Defendant"), is a New York business entity with an address of 500 Sumit Lake Drive, Suite 400, Valhalla, NY 10595-1340 operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. Section 1692a(6).

13. Unless otherwise stated herein, the term "Defendant" shall refer to Calvary SPV I, LLC..

14. At some point, the original creditor, transferred this debt to Defendant for debt collection.

## STANDING

15. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.
16. Specifically, Plaintiff suffered a concrete informational injury as a result of Defendant's failure to provide truthful information in connection with its attempt to collect an alleged debt from Plaintiff.

## ALLEGATIONS

17. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $140.91 (the "Debt") to an original creditor (the "Creditor")
18. The Debt was purchased, assigned or transferred to Defendant for collection, or Defendant was employed by the Creditor to collect to Debt.
19. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. Section 1692a(2).
20. On April 10, 2019, Defendant through its agent mailed Plaintiff a collection letter. See Exhibit.
21. Said letter stated at the top "Resolve your account in 3 or 6 payments!" See Exhibit.
22. Said letter went on to give two different options to "resolve your account." See Exhibit.
23. Then, said letter stated "[S]hould you fail to complete the arrangement proposed under Offer 1 or Offer II, the offers will be cancelled and any payments made will be applied to the balance due shown above. Please note, we are not obligated to renew these offers." See Exhibit.
24. There is no doubt that Defendant is making clear to Plaintiff that she is currently legally obligated for this debt.
25. Finally, said letter states at the bottom of the main body "[T]he law limits how long you can be sued on a debt. Because of the age of your debt, our client will not sue you for it." See Exhibit
26. Next, said letter immediately states:. "[I]n many circumstances, you

can renew the debt and start the time period for the filing of a lawsuit against you if you take specific actions such as making certain payment on the debt or making a written promise to pay. You should determine the effect of any actions you take with respect to this debt." See Exhibit

27. The language above does not meet the requirements sent forth by the Seventh Circuit Court of Appeals by failing to give a clear, accessible, and unambiguous warning about restarting the statute of limitations.
28. The language directly violates the precedent given by the 7th Circuit Court of Appeals in Pantoja by stating "our client will not sue you" rather than stating that the client is not able to sue due to the Statute of Limitations.

## VIOLATIONS OF THE FDCPA-15 U.S.C. SECTION 1692, et seq.

29. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.
30. The Defendants' conduct violated 15 U.S.C. Section 1692e in that the Defendant materially misled Plaintiff through this communication.
31. Plaintiff is entitled to damages as a result of Defendants' violations.

## JURY DEMAND

32. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

33. Plaintiff demands the following relief:

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:

    (1) Statutory damages;

    (2) Attorney fees, litigation expenses and costs of suit; and

    (3) Such other and further relief as the Court deems proper.

Respectfully submitted,
/s/ John Carlin
John P. Carlin #6277222
Suburban Legal Group, LLP
1305 Remington Rd., Ste. C

Schaumburg, IL 60173
jcarlin@suburbanlegalgroup.com
Attorney for Plaintiff